CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968;
Fax:   1-702-825-8071
Email: attcbf@cox.net

Anthony I. Paronich (SBN 678437)[1]
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone:  (617) 738-7080
Facsimile:   (617) 830-0327
Email: anthony@broderick-law.com

*Attorneys for Plaintiff Stewart Abramson and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPERIAN ENERGY CORP, a Nevada corporation,<br><br>Defendant. | NO. 2:16-cv-2962<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Stewart Abramson (hereinafter "Plaintiff"), by his undersigned counsel, for this class action complaint against Sperian Energy Corp ("Sperian Energy"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Sperian Energy" or "Defendant"), alleges as follows:

---

[1] Massachusetts counsel will comply with LR IA 11-2 and move for *pro hac vice* admission within 45 days.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

## I. INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Sperian Energy for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II. PARTIES

2. Plaintiff Stewart Abramson ("Plaintiff") is a resident of Pennsylvania.

3. Defendant Sperian Energy Corp is a Nevada corporation with its principal place of business in Las Vegas, NV, with a registered agent of Sackett National Holdings, Inc., 7373 Peak Dr., Suite 250, Las Vegas, NV.

## III. JURISDICTION AND VENUE

4. <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.  Furthermore, this Court has original jurisdiction over Plaintiff's claims pursuant to the "Class Action Fairness Act," 28 U.S.C. §§ 1332(d), 1435.  While it is anticipated that neither Plaintiff nor any individual class member's claims exceeds $75,000, the aggregate amount in controversy for the Class exceeds $5 million exclusive of interest and costs, and Plaintiff is a citizen of a different state from Defendant.

5. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Sperian Energy because it has submitted to Nevada jurisdiction by registering with the Secretary of State to do business in this state, and a substantial part of the wrongful acts alleged in this Complaint were committed from Nevada.

6. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, whereas the telemarketing calls that are the subject of this Complaint were sent from this district.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 2

### IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." *See* 47 U.S.C. § 227(b)(1)(B). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b). *See* 47 U.S.C. § 227(b)(3).

9. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

### V. FACTUAL ALLEGATIONS

**A.  Factual Allegations Regarding Sperian Energy**

10. Sperian Energy is a "retail energy provider that focuses on…six deregulated energy markets." *See* http://www.sperianenergy.com (last visited December 2, 2016).

11. Sperian Energy services the following states: Illinois, New York, Pennsylvania New Jersey, Maryland and Ohio. *Id.*

12. Sperian Energy's business model relies on contacting current energy customers in those states and convincing them to have their energy serviced through Sperian.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

13. One of Sperian Energy' strategies for marketing these services involves the use of pre-recorded messages to solicit business.

14. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

15. Instead they are "cold calls", and utilize a pre-recorded message because they are transmitted *en masse*.

16. By using the pre-recorded messages, Sperian's telemarketers only contact individuals who have responded to the pre-recorded message.

17. Unfortunately, this system, while efficient for Sperian Energy, comes at the expense of the call recipients' privacy, and is exactly the kind of telemarketing that the TCPA was passed to prevent.

**B.    Factual Allegations Regarding Plaintiff**

18. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19. On October 28, 2016, the Plaintiff received a call from Sperian Energy on his residential telephone line, 412-361-XXXX.

20. The caller ID showed the telephone call was from 412-465-1131.

21. Upon information and belief, Sperian Energy does not have a Pennsylvania office.

22. As a result, Sperian Energy is believed to have intentionally manipulated the Caller ID information on the pre-recorded phone call so it would appear to be coming from a local business.

23. In fact, that telephone number is used by Sperian Energy for *en masse* "cold call" telemarketing.

24. When a telephone call is placed to that number, a message is played about providing further information if the caller desires to be placed on the "internal do not call list".

25. No company is identified when that message is played.

26. When the call was answered, there was a lengthy pause and a click followed by silence and a pre-recorded message played about the "Energy Choice Program", and instructed the call recipient to call 412-430-0004 to receive more information.

27. In an attempt to determine the identity of the caller, Mr. Abramson called the number.

28. Mr. Abramson spoke with an individual named "Edward" who identified that he was with Sperian Energy.

29. Plaintiff did not provide his prior express written consent to receive prerecorded calls on his telephone from, or on behalf of, Sperian Energy.

30. In fact, in 2015, the Plaintiff had previously sued Sperian Energy for using automated dialing to contact his telephone number.

31. Plaintiff's privacy has been violated by the above-described calls from, or on behalf of, Sperian Energy, and they constitute a nuisance as they are annoying and harassing.

32. Sperian Energy is responsible for making the above-described prerecorded calls.

33. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Sperian Energy because their privacy has been violated, they were subjected to annoying and harassing calls that constitute a nuisance, and they were invasive of their privacy. The calls also occupied Plaintiff's telephone line from legitimate communication.

**C.     Factual Allegations Regarding Additional Consumer and Regulatory Complaints**

34. Unfortunately, Plaintiff's experience with Sperian Energy is not unique, as many others have lodged similar complaints after having received telemarketing calls from Sperian Energy.

35. Sperian has previously been investigated for its telemarketing practices in 2015 when the Illinois Commerce Commission (ICC) launched an investigation (Docket No. 15-0438) into the allegedly misleading and deceptive telemarketing practices of Sperian Energy.

36. For example, the website http://www.revdex.com/reviews/sperian-energy/1041091 (last visited December 2, 2016), details a number of complaints related to Sperian Energy's illegal telemarketing:

> This company contacted me through outbound telemarketing in violation of the federal Do Not Call act. Additionally, the message intentionally misleading, indicating that I had some business relationship with them and I need to call about my account.
>
> Timothy D. March 30, 2016
>
> Complaint: Sperian Energy contacted me by telephone on 1/29/14 at 9:00am EST with a sales pitch. My phone number is listed in the Federal Do-Not-Call Registry.
>
> Reviewer1041115 March 26, 2016

## VI.  CLASS ACTION ALLEGATIONS

37. <u>Class Definition</u>.  Pursuant to FRCP 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of a National Class defined as follows:

> All persons to whom:  (a) Sperian Energy and/or a third party acting on Sperian Energy' behalf, made one or more non-emergency telephone calls; (b) promoting Sperian Energy' products or services; (c) to their residential telephone number; (d) through the use of an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

Excluded from Class are Sperian Energy, any entity in which Sperian Energy has a controlling interest or that has a controlling interest in Sperian Energy, and Sperian Energy' legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

38. <u>Numerosity</u>.  The Class is so numerous that joinder of all members is impracticable.  On information and belief, the Class has more than 100 members.  Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

39. <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

    a.    Whether Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf violated 47 U.S.C. § 227(b) by making any call, except for emergency purposes, to a residential telephone line using a pre-recorded message;

    b.    Whether Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf obtained prior express written consent prior to making the calls at issue;

    c.    Whether Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf should be enjoined from violating the TCPA in the future.

40. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Sperian Energy and are based on the same legal and remedial theories.

41. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and its counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor its counsel has interests that are contrary to or that conflict with those of the proposed Class.

42. <u>Predominance</u>.  Sperian Energy has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

43. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Sperian Energy to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Sperian Energy is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

44. <u>Injunctive and Declaratory Relief is Appropriate</u>.  Sperian Energy has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## VII.   FIRST CLAIM FOR RELIEF
(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

45. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

46. The foregoing acts and omissions of Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by making calls, except for emergency purposes, to the residential telephone numbers of Plaintiff and members of the Class using an artificial or prerecorded voice.

47. As a result of Sperian Energy's and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential telephone line using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf from violating the TCPA by making any calls using an artificial or prerecorded voice in the future.

## VIII.   SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

49. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

50. The foregoing acts and omissions of Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by making calls, except for emergency purposes, to the residential telephone numbers of Plaintiff and members of the Class using an artificial or prerecorded voice.

51. As a result of Sperian Energy's and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by making calls, except for emergency purposes, to the residential telephone numbers of Plaintiff and members of the Class using an artificial or prerecorded voice. Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call made advertising goods or services to their residential telephone line, pursuant to 47 U.S.C. § 227(b)(3).

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Sperian Energy as follows:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiff as representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

1  D. A declaration that Sperian Energy and/or its affiliates, agents, and/or other related
2  entities' actions complained of herein violate the TCPA;
3  E. An order enjoining Sperian Energy and/or its affiliates, agents, and/or other
4  related entities, as provided by law, from engaging in the unlawful conduct set forth herein;
5  F. An award to Plaintiff and the Class of damages, as allowed by law;
6  G. An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law
7  and/or equity;
8  H. Leave to amend this Complaint to conform to the evidence presented at trial; and
9  I. Orders granting such other and further relief as the Court deems necessary, just,
10  and proper.

## X.   DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 21st day of December, 2016.

By:  /s/ *Craig B. Friedberg*
CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No.  004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968;
Fax:    1-702-825-8071
Email: attcbf@cox.net
-and-
Anthony I. Paronich (SBN 678437)(*Subject to Pro Hac Vice*)
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone:  (617) 738-7080
Facsimile:   (617) 830-0327
Email: anthony@broderick-law.co
*Attorneys for Plaintiff Stewart Abramson and the Proposed Class*